**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180332-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| CITY OF JOLIET, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-18-0332 |
| | ) | Circuit No. 10-OV-2535 |
| MALGORZATA SZAYNA, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Carmen Goodman, |
| | ) | Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The trial court did not err in refusing to readdress the issue of Defendant Malgorzata Szayna's liability for the ordinance violation; (2) the trial court did not abuse its discretion in reducing Defendant's fine from $239,240 to $2,000.

¶ 2     Defendant, Malgorzata Szayna, appeals from a judgment modifying her fines for failing to abate violations of the City of Joliet's ordinance code from $239,240 to $2,000. Szayna requests that we vacate the judgment and remand with instructions that she be given the opportunity to further challenge the City's proof regarding the fines. We affirm.

¶ 3                                                                   FACTS

¶ 4          This case is before us once again on appeal following a remand in *City of Joliet v.*

*Szayna*, 2016 IL App (3d) 150092. Our opinion in the previous appeal contains a full statement

of the events of this case. We therefore only repeat those facts necessary to resolve the issue now

before us on appeal.

¶ 5                                      I. Facts Related to the Previous Appeal

¶ 6          The City filed a two-count complaint against Szayna, the former owner of a multiple-unit

apartment building located in Joliet. Count I of the complaint alleged that she committed the

offense of failure to abate violations of the ordinances of the City of Joliet. Count I alleged that

each violation was subject to a fine of up to "$750.00 per day each violation is allowed to exist in

violation of Ordinance Section 8–355 of the Ordinances of the City of Joliet."

¶ 7          The City attached to the complaint a list of the ordinance violations it claimed she failed

to abate. The list of violations was based upon an inspection of the property dated March 3,

2010, and included the following ordinance violations:

               (1) building windows missing screens;

               (2) building screen door defective;

               (3) building doors needed to be scraped and painted;

               (4) the east porch's foundation defective;

               (5) garage siding needed to be scraped and painted;

               (6) dining room broken glass window in unit 1;

               (7) master bath toilet in unit 1 defective or missing;

               (8) unit 2 vacant;

               (9) unit 3 no entry and inspection needed;

(10) unit 6 no entry and inspection needed;

(11) light fixture cover missing in unit 8; and

(12) kitchen light fixture defective in unit 8.

¶ 8 Count II of the complaint alleged that Szayna committed the offense of "failure to allow an inspection of a rental unit." Count II alleged that this violation was subject to a fine of up to $750 per day each violation is allowed to exist.

¶ 9 After six years of court proceedings, with multiple failures of Szayna to appear, the trial court entered a default judgment against her. Instead of a written order, the court entered its findings in the docket sheet.

¶ 10 As to count I (failure to abate municipal violations), the trial court found Szayna guilty. Unlike the complaint, which alleged she violated section "8–355 of the Ordinances of the City of Joliet," the docket entry cites "8–335" as the applicable statute Szayna violated.

¶ 11 Similar to count I, the trial court entered its finding on count II in the docket sheet. Unlike count II of the complaint, which alleged Szayna committed the offense of "failure to allow an inspection of a rental unit," the court entered a finding of guilt for count II under the offense "unlawful occupancy of a rental."

¶ 12 The trial court imposed fines and costs in the amount of $119,620 for each count. The total judgment against Szayna amounted to $239,240. Szayna appealed.

¶ 13 On appeal, this Court held "the trial court properly entered default judgment against [Szayna] as to liability" for each count in the City's complaint. *Szayna*, 2016 IL App (2d) 150092, ¶53. However, we found "the trial court erred in entering fines in the amount of $239,240 without requiring [the City] to prove up its damages." *Id.*

¶ 14 We explained:

3

"[The City] did not present the trial court with an affidavit from a city official identifying the amount of days any of the violations listed in the complaint were in existence. *** Without any evidence regarding the length of the defaulted violations, the trial court's entry of fines in the amount of $239,240 is erroneous. Stated another way, [Szayna] was properly defaulted as to the existence of the violations contained within the complaint; however, [the City] never proved up the duration of the defaulted violations." *Szayna*, 2016 IL App (3d) 150092, ¶54.

¶ 15 We thus remanded the case for a "limited hearing on the issue of fines, where Szayna will have the opportunity to be heard on the matter of damages." *Szayna*, 2016 IL App (3d) 150092, ¶56. We admonished the City "that it [could] only seek damages on remand for violations [Szayna] was actually defaulted on, *i.e.*, violations contained within [the] complaint." *Id.* at ¶58. We also admonished Szayna "to ensure her availability at any future proceedings, or alternatively, to obtain counsel to represent her interest at said proceedings." *Id.*

¶ 16                    II. Facts Occurring before the Notice of Appeal

¶ 17 On June 27, 2017, Szayna filed *pro se* a motion to compel, contending that the City "failed to provide any accounting of fines imposed on [her], specifically an accurate and consistent accounting for any fines that were imposed from the date the original complaint was filed in Court until the date violation cited therein were satisfied." With the motion she attached an exhibit titled "Interrogatories" that contained twenty-nine questions. She requested that the trial court order the City to provide her with "written answers" to the questions. She also filed a "motion to correct" alleging that Villa Sophia LLC had owned the building at issue since January 13, 2015.

¶ 18    At a hearing on June 27, 2017, the City requested extra time to respond to the "interrogatories." Szayna, appearing on her own behalf, requested a hearing be set on September 26, 2017. Without objection from the City, the trial court continued the case to September 26, 2017. At the hearing on September 26, 2017, the trial court again continued the case on Szayna's motion.

¶ 19    On December 12, 2017, Szayna filed a *pro se* document entitled "Defendant's Response to city Filings of September 26, 2017." She contended that she received "the most recent list of fines *** on September 26, 2017" from "the City's legal representation." She attached the list she received. It contained an accounting for nine of the ordinance violations the City for total amount of $6,508. The accounting was as follows:

| Ordinance Violation | Complaint Date | Total Days | Daily Fee | Total |
|---|---|---|---|---|
| Building Windows Missing Screens | 11/1/2010 | 219 | $4.00 | $876.00 |
| Building Screen Door Defective | 2/1/2011 | 311 | $4.00 | $1,244.00 |
| Building Doors Scrapted & Painted | 11/23/2010 | 241 | $4.00 | $964.00 |
| East Porch Defective Foundation | 11/23/2010 | 241 | $4.00 | $964.00 |
| Garage Siding – Scraped & Painted | 9/1/2010 | 158 | $4.00 | $632.00 |
| Dining Room Broken Glass Window | 8/27/2010 | 153 | $4.00 | $612.00 |
| Master Bath Toilet Unit 1 Defect. /Missing | 9/1/2010 | 158 | $4.00 | $632.00 |
| Unit 8 – Light Fixture Cover Missing | 8/20/2010 | 146 | $2.00 | $292.00 |
| Unit 8 – Kitchen Light Fixture Defective | 8/20/2010 | 146 | $2.00 | $292.00 |

¶ 20    In her *pro se* filing, Szayna challenged the accuracy of the City's accounting. She argued: (1) item #2 is incorrect because the building does not have a screen door; (2) the broken window in item #6 was corrected on June 6, 2009, before the complaint was filed; (3) items #8 and #9 were the same item, which the tenant had corrected on March 20, 2010; and (4) item #4 was corrected "with City approval on October 29, 2010," and not as reported on November 23, 2010. Szayna also argued that more information was required from the City to address the other violations in the complaint not present in the accounting sheet.

5

¶ 21     The trial court held a hearing on May 8, 2018. Szayna argued that the issue on remand was whether the City proved its allegations. The City explained that the case was before the trial court "only for fees, and that the City had reduced it from $250,000 to $6,500." The court rejected Szayna's argument, saying that it would only address the fee issue. Szayna explained that she "lost the building" as a result of the case. The trial court then ruled as follows:

> The bank owns the building. And, you see, that's separate and apart and it has to be set up to code. And my family owned a lot of property, so I understand how all of that can go. And someone made a complaint at one point in time that sent you down this road. So, it's not the city's fault. And their fines and costs are up under the statute. This is what I am going to do. We are going to cut in half, and we are going to put that she owes – taking a judgment of 2,000 and close this case.

¶ 22                         III. The Notice of Appeal and Subsequent Proceedings

¶ 23     On June 4, 2018, Szayna filed a notice of appeal. She stated that she was appealing the trial court's judgment entered on May 8, 2018. She explained that the court's "order [had] violated [the] Appellate Court's directions."

¶ 24     The City filed a motion on June 18, 2018, requesting the trial court to clarify its judgment entered on May 8, 2018. Szayna filed a motion in opposition to the City's request for clarification. She contended that the City's motion "attempts to modify *** matters embraced within or affected by the judgment which is the subject of the appeal." She argued that the trial court lacked "jurisdiction to hear [the City's] motion."

¶ 25     The trial court held a hearing on the city's motion on July 10, 2018. Szayna was not present at that hearing. The City noted that she filed a motion in opposition but stated that she

6

could not be at the hearing. The City explained that Szayna was appealing the decision and that the City wanted a clarification explaining the order to pay a judgment of $2000. The Court issued a written order, stating:

> When this Court issued its May 8, 2018 Court Order, the Court relied on the entirety of the record, including but not limited to a document included in the December 2017 filing of Defendant ("Defendant's Response to City Filings of September 26, 2017") which included a recommendation from the City of Joliet requesting a fine of $6,508.00 (Count I). To clarify its May 8, 2018 Order, the Court rejected the City's request and instead entered a fine of $1,000.00 in Count I ($111.11/violation - 9 violations) and $1,000.00 in Count II (noting this Court had the option of entering a fine of $750.00/day per violation as set forth in the City Code of Ordinances and State Statutes).

¶ 26      This appeal now follows.

¶ 27                                       ANALYSIS

¶ 28      On appeal, Szayna again challenges the merits of the judgment of liability against her. She argues that the City failed to present enough evidence to show that she was liable for the ordinance violations. In response, the City argues that the judgment was properly entered and that the trial court was correct in not readdressing the merits on remand. Szayna's challenge to the trial court's jurisdiction to clarify its ruling has not been pursued in this appeal so we do not address it.

¶ 29      Over three years ago, we addressed the issue Szayna now raises on appeal. We found that Szayna never filed an answer to the City's original complaints. *City of Joliet v. Szayna*, 2016 IL App (3d) 150092, ¶ 48. We held hat "the trial court properly entered default judgment against

7

[her] as to liability." *Id.* at ¶ 53. "The law-of-the-case doctrine limits relitigation of a previously decided issue in the same case. and encompasses not only the court's explicit decisions, but those issues decided by necessary implication." *Rommel v. Illinois State Toll Highway Auth.,* 2013 IL App (2d) 120273, ¶ 15. "The doctrine applies to questions of law on remand to the trial court, as well as on subsequent appeals to the appellate court." *Id.* There are, however, two exceptions tothis doctrine: "(1) when, after a reviewing court's original decision, a higher reviewing court makes a contrary ruling on the same issue; and (2) when a reviewing court finds that its prior decision was palpably erroneous." *Id.* at ¶ 17. Neither exception is applicable here.

¶ 30 Our prior decision relied on a ruling stating that "where a party has not answered [a complaint], there are no factual issues raised, and a trial court has the discretion to enter default judgment without an evidentiary hearing." *Szayna*, 2016 IL App (3d) 150092, ¶ 47 (citing *Direct Auto Ins. Co. v. Beltran*, 2013 IL App (1s) 1211 28, ¶ 66). Szayna does not contest this ruling, nor does she offer any evidence raising factual issues or suggesting that the facts underpinning our decision are no longer operative. *See People v. Patterson*, 154 Ill. 2d 414, 468 (1992) (noting "a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same"). We thus reject Szayna's request to reconsider the merits of the judgment against her. We hold that the trial court did not err when it did not readdress the issue of Szayna's liability for the ordinance violations on remand.

¶ 31 We find that the trial court's reduction of the fines from $239,240 to $2000 was not against the manifest weight of the evidence. As noted, Szayna was properly found liable for the alleged violations. Once a violation occurred, the trial court could impose "a fine of not more than seven hundred fifty dollars ($750.00) for each day the ordinance violation exists," so long as the city could establish the number of days for each the violation. Szayna, 2016 IL App (3d)

150092, ¶ 54 (quoting Joliet Municipal Code § 1–8(a) (eff. Mar. 19, 1996)). On September 26, 2017, the City sent Szayna a list accounting its alleged ordinance violations for total amount of $6,508. As we required, the City also alleged the total number of days for each violation and the costs of the daily occurrences. In turn, and as we instructed, Szayna was granted an opportunity to challenge the City's accounting, which she exercised.

¶ 32    There is nothing in the record showing that the trial court abused its discretion in imposing fines for only the first day of each violation. "An abuse of discretion occurs when no reasonable person would rule as the trial court did." *In re Marriage of Sadovsky*, 2019 IL App (3d) 180204, ¶ 24. In reviewing the City's accounting, the trial court determined that Szayna no longer owned the property at issue. It determined that the evidence could only support a finding that the violations occurred during Szayna's ownership of the property. The court also determined that the evidence failed to show that she was still the owner of the property beyond the first day of the violations. Thus, the trial court imposed a fine of $111.11 for each violation. We do not find that decision to be an abuse of its discretion.

¶ 33                              CONCLUSION

¶ 34    The judgment of the circuit court of Will County is affirmed.

¶ 35    Affirm.